IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMY MORGAN, individually and on behalf of all others similarly situated, </br></br>Plaintiff,</br></br>vs.</br></br>MIDLAND CREDIT MANAGEMENT, INC.,</br></br>Defendant. | No. 1:19-cv-04401</br></br>Judge Jane Magnus-Stinson</br></br>Magistrate Judge Debra McVicker Lynch |

## COMBINED NOTICE OF 7TH CIRCUIT RULING AND MOTION TO LIFT STAY

NOW COMES Plaintiff AMY MORGAN, by her counsel, James C. Vlahakis, and hereby notifies the Honorable Court that the 7th Circuit Court of Appeals issued an opinion in *Preston v. Midland Credit Management, Inc.*, 18-3119, and to accordingly vacate the stay of the present case that was entered on January 8, 2020 (Dkt. 10).

1. On October 30, 2019, Plaintiff filed this case as a nine (9) Count, putative class action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* The main thrust of the Complaint alleges that Defendant Midland Credit Management, Inc. ("Midland") violated Section 1692f(8) of the FDCPA by mailing a debt collection letter to Plaintiff where the transmittal envelope was embossed to somewhat officially indicate: "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

2. Section 1692f(8) of the FDCPA. Section 1692f generally prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f(8) *specifically* prohibits debt collectors from:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

3. As depicted in Paragraph 15 of the Complaint, below close-up representative image depicts how the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" appear on the envelope:



4. The formatting of these words appear to have been undertaken to convey an official looking warning. Accordingly, Paragraph 24 of the Complaint alleges that

> [Midland]'s placement of the words "IMPORTANT INFORMATION ENCLOSED" on the Envelope violated Sections 1692e(2)(2), 1692e(10) and 1692f because these words were communications made in the collection of a debt and caused Plaintiff to worry about the type of "IMPORTANT INFORMATION ENCLOSED" within the Envelope.

5. Count I of the Complaint, brought as a class action claims, asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692f(8) of the FDCPA.

6. Count II of the Complaint, brought as a class action claims, asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692f of the FDCPA.

7. Count III of the Complaint, brought as a class action claims, asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(2)(A) of the FDCPA.

8. Count IV of the Complaint, brought as a class action claims, asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(10) of the FDCPA.

9. Paragraphs 29-57 of the Complaint discusses that the subject envelope was used to send a discounted payment option letter to Plaintiff where the payment options were tied to identified "[e]xpiration date[s]" and claims that Midland purposefully formatted the letter and sent it in an envelope using the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to cause consumers like Plaintiff to be left with a false sense of urgency and forced to accept one of the proposed settlement offers. Count V asserts that Midland's use of the offer letter and envelope violates Section 1692f of the FDCPA.

10. Similarly, Count VI asserts that Midland's use of the offer letter and envelope violates Section 1692e(2)(A) of the FDCPA, while Count VII asserts that this scheme violated Section 1692e(10). Count VIII asserts that this scheme violated Section 1692f of the FDCPA. All of these claims are styled as class action claims.

11. On November 26, 2019, Magistrate Judge Debra McVicker Lynch issued a minute order setting a telephonic Initial Pretrial Conference to take place n December 30, 2019. Dkt. 10. On December 9, 2019, the parties filed a joint motion to stay the proceedings pending a ruling from the Seventh Circuit in *Preston v. Midland Credit Management, Inc.*, Case No. 18-3119 ("*Preston v. Midland*"). Dkt. 11. The appeal in *Preston v. Midland* dealt with an appeal of a 12(b)(6) ruling issuing from the Northern District of Illinois.

12. The motion to stay was granted and the December 30, 2019, Initial Pretrial Conference was cancelled. Dkt. 12. The parties were directed to "file a status report within fourteen days of the decision from The Seventh Circuit Court of

Appeals." *Id.*

13. On January 21, 2020, the Seventh Circuit Court of Appeals issued its opinion in *Preston v. Midland*, where the Court reversed, in part and affirmed, in part, the district court's order dismissing of the entire case. See **Exhibit A**. While Plaintiff intends to submit a joint stats report with Defendant as requested, this motion is to vacate the stay is being filed separately to alert the court that Plaintiff is ready to move forward with the prosecution this case.

14. To recap, he *Preston v. Midland* appeal dealt with whether Defendant Midland violated Section 1692f(8) of the FDCPA in relation to differently phrased and formatted transmittal envelope. As depicted below, Midland mailed a collection letter to Plaintiff/Appellant Preston inside of a yellow (manila) colored "**TIME SENSITIVE DOCUMENT**" envelope that was placed inside of a larger white envelope:



15. The appeal in *Preston v. Midland* was filed after a court from the Northern District of Illinois Court granted Defendant Midland's 12(b)(6) motion to

dismiss. In part, Midland argued to the district court that its use of the words "**TIME SENSITIVE DOCUMENT**" was saved by operation of a so-called "benign language" exception to clear words of Section1692f(8). Midland also argued that finding that that its use of the words "**TIME SENSITIVE DOCUMENT**" on the envelope would lead to "bizarre results."[1]

16. In response to the district court's dismissal of the entire case, among other arguments, Plaintiff/Appellant Preston asked the Seventh Circuit to decide whether the district court erred by applying the so-called "benign language" exception to Section 1692f(8). *Preston v. Midland* reversed the district court's dismissal of Plaintiff/Appellant Preston's Section 1692f(8) claims. **Exhibit A**. The Seventh Circuit *affirmed* the district court's dismissal of Plaintiff/Appellant Preston's claims that Midland's use of the "**TIME SENSITIVE DOCUMENT**" envelope *and the enclosed discounted settlement offer letter* violated Sections 1692e(2)(A) and e(10).

17. As noted above, Count I one of present case asserts that the Defendant Midland violated the limitations imposed by Section 1692f(8) because the envelope included the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

18. Now that the Seventh Circuit has ruled in favor of Plaintiff/Appellant Preston with regard to his envelope based Section 1692f(8) claims, Plaintiff respectfully submits that this Court's previously entered stay (Dkt. 12) should be lifted.

19. Even if Midland attempts to seek further appellate review by arguing *en banc* (or to the Supreme Court) that the Seventh Circuit was wrong to read the words of Section 1692f(8) as they were written by Congress, this Court should lift the stay

---

[1] Of course, this begs the question – why should Midland even bother to mail collection letters in this manner if the literally reading of Section 1692f(8) results in a violation of the FDCPA?

because the Complaint before the Court contains specific violations that were not asserted by the Plaintiff/Appellant in *Preston v. Midland*. To recap:

- Count II asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692f of the FDCPA.

- Count III of the Complaint, brought as a class action claims, asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(2)(A) of the FDCPA.

- Count IV of the Complaint, brought as a class action claims, asserts that the transmittal envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(10) of the FDCPA.

Neither of these violations were before the Seventh Circuit.

20. Further, this Court should lift the stay because the "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" envelope that Midland sent to Plaintiff is different that the **TIME SENSITIVE DOCUMENT**" envelope that was considered by the Seventh Circuit. Furthermore, Plaintiff Nash alleges that the use of and formatting of the "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" letter – when used to send the discounted offer letter violates Sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the FDCPA. In contrast, Plaintiff/Appellant Preston confined his envelope and settlement offer letter arguments to violations of Sections 1692e(2)(A) and1692e(10). Simply stated, the underlying letter and envelope-based claims are significantly different that those involving the *Preston v. Midland* appeal.

21. For the above reasons, lifting the stay under these circumstances is consistent with FRCP 1, which promotes the "just, speedy and inexpensive determination of every action and proceeding."

WHEREFORE, Plaintiff AMY MORGAN respectfully moves the Court to lift the

stay and to set a time for Defendant to answer or otherwise plead.

Respectfully submitted,

/s/ James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2020, I electronically filed with the Clerk of the U.S. District Court, Southern District of Indiana, the above document using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

      /s/ James C. Vlahakis

304527349v1 1310