**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

AMY MORGAN, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.

MIDLAND CREDIT MANGEMENT, INC.,

      Defendant.

CASE NO. 1:19-cv-04401-JMS-DML

Honorable Judge Jane E. Magnus-Stinson

Honorable Magistrate Judge Debra
McVicker Lynch

**JOINT CASE MANAGEMENT PLAN**

I.   **Parties and Representatives**

    A.    Plaintiff, Amy Morgan, individually and on behalf of all others similarly situated
          Defendant, Midland Credit Management, Inc.

    B.    James C. Vlahakis              Jennifer W. Weller
          **SULAIMAN LAW GROUP, LTD.**    David M. Schultz
          2500 S. Highland Avenue, Suite 200    **HINSHAW & CULBERTSON LLP**
          Lombard, IL  60148             151 N. Franklin St., Suite 2500
          Phone: (630) 581-5456         Chicago, IL 60606
          Fax: (630) 575-8188            Phone: (312) 704-3000
          jvlahakis@sulaimanlaw.com      Fax: (312) 704-3001
          *Attorney for Plaintiff*           dschultz@hinshawlaw.com
                                        jweller@hinshawlaw.com
                                        *Attorneys for Defendant*

II.   **Jurisdiction and Statement of Claims**

    A.    **Plaintiff's Position**. The Court has federal question jurisdiction pursuant to 28
          U.S.C. § 1331 because Plaintiff has sued Defendant Midland Credit Management,
          Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §
          1692, *et seq*.

          **Defendant's Position**. It is Defendant's that arbitration, and not this court, is the
          proper forum for Plaintiff's claims.

          **Plaintiff's Reply**. Plaintiff disputes Defendant's position because Plaintiff does
          not believe that her claims are subject to arbitration because the subject debt

derives from a credit card that contains a Utah based choice of law provision and the court in *Ramirez v. Midland Funding, LLC* has held that Defendant could not seek to arbitrate an FDCPA claim because the arbitration terms involving a Synchrony Bank credit card could not be assigned to Defendant under Utah law. *Ramirez v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 104038, *4-*6, *13-*17, 2019 WL 2568478 (N.D. Ill. June 21, 2019). Here, the operative credit card was issued by Synchrony Bank, and upon information and belief, the Synchrony Bank cardholder agreement issued to Plaintiff contains a Utah choice of law provision.

B.   **Plaintiff's Statement of Claims**. Plaintiff is a "consumer" as defiend by Section 1692a(3) of the FDCPA. Defendant is a debt collector as defined by Section 1692a(6) of the FDCPA. Plaintiff claims Defendant attempted to collect a consumer debt from her by mailing her a pre-approved offer where the letter was mailed inside of an envelope where the transmission envelope next to Plaintiff's address was embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED". In particular, the words "IMPORTANT INFORMATION ENCLOSED" formed a circle and the words "ATTENTION REQUESTED" were contained within the circle as a slight angle. Reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" caused Plaintiff to suffer from stress and anxiety because she knew that the enclosed letter related to a debt show was unable to pay.  The fact that the Envelope used the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" frightened Plaintiff and led her to believe that MCM was escalating its collection methods.  In Count I, Plaintiff asserts that the subject envelope violates § 1962f(8) of the FDCPA. Section 1692f(8) "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram . . . ." In *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), the Seventh Circuit held that Defendant violated Section 1962f(8) of the FDCPA where is sent a collection letter to a consumer where the envelope used the words "TIME SENSITIVE DOCUMENT" in large, bold front. *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020) ("*Preston*"). In Count II, Plaintiff alleges that the embossed envelope violates §§ 1962e and 1962f. In Count III, Plaintiff alleges that the embossed envelope violates § 1962e(2)(A). In Count IV, Plaintiff alleges that the embossed envelope violates § 1962e(10). The court in *Preston* did not determine whether the envelope in question violated §§ 1962e, 1962e(2)(A), 1962e(10) and 1962f. In Counts V, VI and VII, Plaintiff alleges that the pre-approved letter violated §§ 1962e, 1962e(2)(A) and 1962e(10). The court in *Preston* ruled addressed the same form letter and affirmed judgment in favor of Defendant. Accordingly, Plaintiff will not pursues relief relative to Counts V, VI and VII.  In Count VIII, Plaintiff alleges that the pre-approved letter violated § 1962f. The court in *Preston* did not address whether a similar form collection letter violated §1962f. Accordingly, Plaintiff seeks relief in relation to Count VIII. Finally, Count IX alleges that Defendant did not mail the subject letter to Plaintiff until several days after the purported mailing date of the subject envelope and

2

letter and that Defendant's conduct violated §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA. Plaintiff does not believe that her claims are subject to arbitration because the subject debt derives from a credit card that contains a Utah based choice of law provision and the court in *Ramirez v. Midland Funding, LLC* has held that Defendant could not seek to arbitrate an FDCPA claim because the arbitration terms involving a Synchrony Bank credit card could not be assigned to Defendant under Utah law. *Ramirez v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 104038, *4-*6, *13-*17, 2019 WL 2568478 (N.D. Ill. June 21, 2019). Here, the operative credit card was issued by Synchrony Bank, and upon information and belief, the Synchrony Bank cardholder agreement issued to Plaintiff contains a Utah choice of law provision.

C.    **Defendant's Defenses**: Under *Preston*, all of Plaintiff's claims except Count I should be dismissed by Plaintiff and Plaintiff should be required to produce the actual envelope she received instead of relying on a "representative" example with the recipient name redacted. (Compl., ¶14). Plaintiff claims "The court in *Preston* did not determine whether the envelope in question violated §§ 1962e, 1962e(2)(A), 1962e(10) and 1962f [sic]." *Preston*, however, affirmed the district court's dismissal of the §1692e claims based on the envelope stating, "[h]owever, we agree with the district court that the language on the envelope and in the letter does not violate §1692e and, therefore, affirm the dismissal of the claims brought under that section." *Preston v. Midland Credit Mgmt*, 948 F.3d 772, 776 (7th Cir. 2020). While Plaintiff contends "The court in Preston did not address whether a similar form collection letter violated §1962f [sic]," the Plaintiff abandoned that claim in the district court. *See Preston v. Midland Credit Mgmt*, 2018 U.S.Dist. LEXIS 149910, *1 n.1 (N.D.Ill. Sept. 4, 2018)("In response to MCM's motion to dismiss, Preston indicates that he is no longer pursuing his claims that the discount offer, in combination with the language on the envelope, violates § 1692f. Doc. 23 at 11 n.1. The Court therefore treats these claims as withdrawn."). Defendant intends to move to compel arbitration of Plaintiff's claims as soon as it is able to obtain the supporting documentation and affidavits and consistent with arbitration will request a stay of discovery. Without waiving its intent to move to compel arbitration and should the court wish to set a schedule at this time, Defendant proposes using 2/5/20 as the Anchor Date (the date the stay was lifted) and has set forth its proposed deadlines in parenthesis.

**Plaintiff's Reply**. First, Defendant's position that "Plaintiff should be required to produce the actual envelope she received instead of relying on a "representative" example with the recipient name redacted" is not supported by a single case citation. That's because there is no support for Defendant's position. A debt collector cannot ignore or hide its violation because the document in question no longer is in a consumer's possession. Simply stated, (a) Plaintiff knows Defendant's own records will show that it has coded the letter and envelopes that it sends. Plaintiff knows this to be the case because other more forth coming defense counsel have identified how MCM tracks the letters and envelopes. And (b), Plaintiff's testimony is just as good as MCM's record custodian. Additionally,

3

Defendant's position (a) ignores the fact that the Plaintiff in Preston raised different claims than what is being raised in the present case. Mr. Preston did not contend that the envelope in question (on its own) violated §§ 1962e, 1962e(2)(A), 1962e(10) and 1962f. Plaintiff in this case is free to argue this theory. Further, the fact that Mr. Preston may have abandoned his § 1962f does not mean that Plaintiff must do so in this case. Further, Plaintiff is at a loss to understand why Defendant claims that it "intends to move to compel arbitration of Plaintiff's claims as soon as it is able to obtain the supporting documentation and affidavits and consistent with arbitration will request a stay of discovery." What has Defendant been doing all this time? Why can't Defendant produce the subject arbitration agreement? Plaintiff

**III.**    **Pretrial Pleadings and Disclosures**

A.    **Plaintiff's proposal.** The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before  **April 7, 2020**.

(**Defendant's position is 6/5/20**).

**Plaintiff's Reply**. It should not be that difficult for Defendant to issue Rule 26 Initial Disclosures where Defendant's disclosures should produce the operative arbitration agreement.

B.    **Plaintiff's proposal.** Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 21, 2020**.

(**Defendant's position is 6/12/20**).

**Plaintiff's Reply**. Plaintiff is ready to issue her disclosures.

C.    **Plaintiff's proposal.** Defendant(s) shall file preliminary witness and exhibit lists on or before April 21, 2020.

(**Defendant's position is 6/19/20**).

**Plaintiff's Reply**. It cannot be that difficult for Defendant to disclose its witnesses and exhibits – this case relates to a small set of records.  In particular, Defendant should be able to identify witnesses and documents that support its purported claim to arbitration.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 5, 2020** (the parties agree).

D.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **June 30, 2020**.

**Defendant's position**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal. (by 7/5/20).

**This date is agreed to by Plaintiff.**

E.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 30, 2020.**

**Defendant's position**.  **(2/5/21)**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 30, 2020** (3/5/21) or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 30, 2020**  (3/5/21).

**Plaintiff's Reply**.  There is no reason to delay expert discovery by nearly a year.

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **December 30, 2020**  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

All parties shall file and serve their final witness and exhibit lists on or before **December 30, 2020.** This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

1026050\305472264.v1

**Defendant's position: (4/5/21)**.

**Plaintiff's Reply**.  There is no reason to delay production by more than a year.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>.  If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at <u>http://www.insd.uscourts.gov/case-management-plans</u>).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   <u>Discovery[1] and Dispositive Motions</u>

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

1026050\305472264.v1

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

**Plaintiff's Position:** Yes, Plaintiff believes this case may be appropriate for summary judgment and/or judgment on the pleadings in light of the Preston ruling where the Seventh Circuit held that a similarly marked envelope violated Section 1692f(8) of the FDCPA.

**Defendant's Position:** Given Plaintiff's statement of the claims Plaintiff intends to pursue, Defendant believes this case may be appropriate for summary judgment.

B.      On or before **August 23, 2020** [no later than 7 days after the non-expert discovery deadline](12/12/21), and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

**Plaintiff's Position**.        X     Track 2: Dispositive motions are expected and shall be filed by **September 30, 2020**.

(**Defendant's Position, 2/5/21**);

**Plaintiff's Position**.         non-expert witness discovery and discovery relating to liability issues shall be completed by **August 30, 2020**

(**Defendant's Position, 12/5/21**);

c  Expert witness discovery and discovery relating to damages shall be completed by **January 30, 2021**

**(Defendant's Position, 5/5/21).**

**Plaintiff's Position**.  All remaining discovery shall be completed by no later than 16 months from Anchor Date: **February 28, 2021**

**(Defendant's Position, 6/5/21).**

<u>**Plaintiff's Reply**.  There is no reason to accept the dates proposed by Defendant.</u>

<u>Both parties agree</u>: Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.     Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.

**Plaintiff's Position:** Plaintiff desires a settlement conference at the eaerlierst possible date.

**Defendant's Position:** Given Defendant's intent to move to compel arbitration and the status of related cases filed by counsel against this Defendant, Defendant does not desire a settlement conference at this time.

**Plaintiff's Reply to Defendant's Position.** Defendant's position in opposition to settlement make zero sense. Defendant lost before the 7th Circuit relative to the envelope in question. Further, Plaintiff does not believe that her claims are subject to arbitration because the subject debt derives from a credit card that contains a Utah based choice of law provision and the court in *Ramirez v. Midland Funding, LLC* has held that Defendant could not seek to arbitrate an FDCPA claim because the arbitration terms involving a Synchrony Bank credit card could not be assigned to Defendant under Utah law. *Ramirez v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 104038, *4-*6, *13-*17, 2019 WL 2568478 (N.D. Ill. June 21, 2019). Here, the operative credit card was issued by Synchrony Bank, and upon information and belief, the Synchrony Bank cardholder agreement issued to Plaintiff contains a Utah choice of law provision.  To date, Defendant has refused Plaintiff's reasonable requests to produce the purported arbitration agreement. On 12/9/19, Plaintiff sent a demand to Defendant which Defendant ignored. Plaintiff reserves the right to seek fees pursuant to FRCP 11 and 28 U.S.C. § 1927 for Defendant's vexatious litigation tactics.

1026050\305472264.v1

VI.    **Trial Date**

The parties request a trial date in **May, 2021** [month/year] **Defendant proposes**
(September, 2021).  The trial is by jury and is anticipated to take <u>2</u> days.  Counsel should
indicate here the reasons that a shorter or longer track is appropriate.  While all dates
herein must be initially scheduled to match the presumptive trial date, if the Court agrees
that a different track is appropriate, the case management order approving the CMP plan
will indicate the number of months by which all or certain deadlines will be extended to
match the track approved by the Court.

VII.   **Referral to Magistrate Judge**

A.    **Case**.  At this time, all parties do not consent to refer this matter to the currently
assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for
all further proceedings including trial.

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge
rule on motions ordinarily handled by the District Judge, such as motions to
dismiss, for summary judgment, or for remand.  If all parties consent, they should
file a joint stipulation to that effect. Partial consents are subject to the approval of
the presiding district judge.

The parties do not consent at this time.

VIII.  **Required Pre-Trial Preparation**

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the
parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be
called to testify at trial.  This list may not include any witnesses not on a
party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the
like, that will be used during the trial.  Provide the Court with a list of
these exhibits, including a description of each exhibit and the identifying
designation.  Make the original exhibits available for inspection by
opposing counsel.  Stipulations as to the authenticity and admissibility of
exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are
always encouraged so that at trial, counsel can concentrate on relevant
contested facts.

1026050\305472264.v1

4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.      brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

10

4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.  Other Matters

As discussed on the parties' status conference that took place on March 10, 2020, the Court recognized that Plaintiff should defer filing for class certification until such time as Defendant determines that it is or is not moving to compel arbitration. Defendant intends to move to compel arbitration as soon as practicable given the international emergency.

**Plaintiff's Response**: While Plaintiff is cognizant of the global pandeminc, debt collection continues as usual for the world's largest debt buyer. Plaintiff disputes Defendant's position because Plaintiff does not believe that her claims are subject to arbitration because the subject debt derives from a credit card that contains a Utah based choice of law provision and the court in *Ramirez v. Midland Funding, LLC* has held that Defendant could not seek to arbitrate an FDCPA claim because the arbitration terms involving a Synchrony Bank credit card could not be assigned to Defendant under Utah law. *Ramirez v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 104038, *4-*6, *13-*17, 2019 WL 2568478 (N.D. Ill. June 21, 2019). Here, the operative credit card was issued by Synchrony Bank, and upon information and belief, the Synchrony Bank cardholder agreement issued to Plaintiff contains a Utah choice of law provision. Most importantly, what has Defendant and its counsel done to conjure up the purported cardholder agreement and related affidavits since Preston v. Midland was decided against Defendant – just over two months ago.  Even before the pandemic was finally recognized, what did Defendant do to produce the documents? Nothing is the simple and honest answer. Despite numerous requests, counsel for Defendant is taking a "no prisoners" approach to litigation.  Meaning, Defendant will not even informally produce the operative cardholder agreement. What is Defendant hiding? Simply stated, Defendant's approach is contrary to FRCP 1 and FRCP 11.

Dated: March 30, 2020

/s/ James C. Vlahakis
James C. Vlahakis
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, IL  60148
Phone: (630) 581-5456
Fax: (630) 575-8188
jvlahakis@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ Jennifer W. Weller
Jennifer W. Weller
David M. Schultz
**HINSHAW & CULBERTSON LLP**
151 N. Franklin St., Suite 2500
Chicago, IL 60606
Phone: (312) 704-3000
Fax: (312) 704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

11

*Attorneys for Defendant*

1026050\305472264.v1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (_____) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (_____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

13

1026050\305472264.v1

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____                    _____
Date                                                                        U. S. District Court
                                                                                Southern District of Indiana

1026050\305472264.v1