UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY MORGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04401-JMS-DML ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) |
| Defendant. | ) ) |

## Order on Plaintiff's Motion for Settlement Conference (Dkt. 23)

The plaintiff, who seeks to represent a class of similarly situated individuals, has asked the court to schedule a settlement conference in this case brought under the Fair Debt Collection Practices Act. The case was filed on October 30, 2019, but was stayed at the joint request of the parties pending the decision of the Seventh Circuit Court of Appeals in another FDCPA case (*Preston*) brought against defendant Midland Credit Management, Inc., because "the parties anticipate that *Preston* will impact Plaintiff's claims." (Dkt. 11)

Following the Seventh Circuit's decision in *Preston*, the court lifted the stay and directed counsel to submit a case management plan. That normally routine procedure generated the filing of multiple competing case management plans. Shortly after those filings, the plaintiff filed the motion at hand here—her request that the court require Midland to respond to her settlement demand by a date

certain[1] and hold a settlement conference as soon as possible.  Midland filed an opposition to that motion and the plaintiff a reply.  All told, the parties have filed 28 pages of briefing on the motion, all but four of those pages by the plaintiff.

The plaintiff's motion and supporting submissions include lengthy arguments on the merits—specifically, that the Seventh Circuit's decision in *Preston* establishes liability against Midland in this case and that Midland has no viable, good faith defenses.  She further argues that Midland's position that it can compel arbitration of this case on an individual basis is groundless and that it has refused to produce requested documents pertinent to the arbitration issue.[2]  She has even used her motion to argue that the class proposed should be certified.  Her overarching argument in the motion for a settlement conference is that Midland has engaged in bad faith, foot-dragging conduct in the face of clear liability.  These positions, if ultimately vindicated, may warrant some remedy.  Those remedies are provided by Federal Rules of Civil Procedure 11 and 37, 28 U.S.C. § 1927, and the court's inherent sanctions powers—in addition to the fee-shifting provision of the FDCPA.  But a settlement conference with the magistrate judge is not such a remedy.

---

[1]     This request is now moot, because the case management plan entered by the court on April 22, 2020, requires Midland to respond to her settlement demand within 30 days of its service.
[2]     Midland has now filed its motion to compel arbitration (Dkt. 27).  If Midland has not produced the documents the plaintiff believes are pertinent to the resolution of that motion, she should bring that separately to the court's attention.

The court devotes a large share of its scarce judicial resources to assisting parties in settling their cases. It conducts these conferences in the midst of the logistically-challenging and demanding circumstances of the current pandemic restrictions. At times, it schedules settlement conferences when one or both parties are not enthusiastic about the process or optimistic it will yield a settlement. In short, this court greatly values the process. And because it does, it will not accede to the obvious attempted weaponization of that process.[3] The motion for settlement conference is denied.

So ORDERED.

Date: 5/12/2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

---

[3] The court also cautions plaintiff's counsel that his filings included many typographical and related errors that affected their readability.